Paul Swen Prior
Nevada Bar No. 9324
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: sprior@swlaw.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jaime Reborn,<br><br>               Plaintiff,<br><br>v.<br><br>University of Phoenix, Apollo Group and Does 1-40<br><br>               Defendants. | Case No:<br><br>**ANSWER** |

Defendants APOLLO GROUP, INC. and UNIVERSITY OF PHOENIX, INC. (collectively referred to herein as "the University"), hereby answers Plaintiff Jaime Reborn's ("Plaintiff") Complaint as follows:

1. Upon information and belief, the University admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The University admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Answering paragraph 3 of Plaintiff's Complaint, the University admits that Plaintiff began taking online classes at the University of Phoenix on January 9, 2007 and that he was enrolled in the DM/IST program. The University denies each remaining allegation contained in this Paragraph.

4. The University admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. There is no Paragraph 5.

6.  Answering paragraph 6 of Plaintiff's Complaint, the University admits that a student must identify a Chairperson for his Dissertation Committee in order take the DOC/722 Doctoral Seminar II class. The University further admits that Plaintiff initially selected Dr. Shannon Hilliker-VanStrander to serve as the Chairperson of his Dissertation Committee. The University denies the remaining allegations in this Paragraph.

7.  Answering paragraphs 7 of Plaintiff's Complaint, the University admits that "[t]he DOC/722 Doctoral Seminar II class is a required course." The University further admits that Dr. Shannon Hilliker-VanStrander served as Chairperson of Plaintiff's dissertation for a period of time. The University denies the remainder of the allegations in this Paragraph.

8.  Answering paragraph 8 of Plaintiff's Complaint, the University denies the allegations contained in this Paragraph.

9.  Answering paragraph 9 of Plaintiff's Complaint, the University admits that Plaintiff took a course entitled DOC/733 with Dr. Hilliker-VanStrander in October 2009. The University denies the remaining allegations in this Paragraph.

10. Answering paragraph 10 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

11. Answering paragraph 11 of Plaintiff's Complaint, the University admits that the Plaintiff took a course entitled DOC/733A Doctoral Dissertation in June 2010 with Dr. Hilliker-VanStrander. The University denies the remaining allegations in this Paragraph.

12. Answering paragraph 12 of Plaintiff's Complaint, the University admits that the Plaintiff took a course entitled DOC/733B Doctoral Dissertation in August 2010 with Dr. Hilliker-VanStrander. The University denies the remaining allegations in this Paragraph.

13. Answering paragraph 13 of Plaintiff's Complaint, the University admits that the Plaintiff took a course entitled DOC/733B Doctoral Dissertation in December 2010 with Dr. Hilliker-VanStrander. The University denies the remaining allegations in this Paragraph.

14. Answering paragraph 14 of Plaintiff's Complaint, the University admits that the Plaintiff took a course entitled DOC/733B Doctoral Dissertation in April 2011 with Dr. Hilliker-

1 VanStrander. TheUniversity denies the remaining allegations in this Paragraph.

2. 15. Answering paragraph 15 of Plaintiff's Complaint, the University admits that the Plaintiff took a course entitled DOC/733B Doctoral Dissertation in June 2011 with Dr. Hilliker-VanStrander. The University denies the remaining allegations in this Paragraph.

16. The University admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The University denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Answering paragraph 18 of Plaintiff's Complaint, the University denies the allegation contained in the first sentence. To the extent this paragraph contains recitals of an offer to compromise the University states such inclusion violates the rules of evidence and is not receivable as an admission of the validity or invalidity of the claim and it does not require a response from Defendants. The University denies the remaining allegations in this Paragraph.

19. Answering paragraph 19 of Plaintiff's Complaint, the University states that to the extent this paragraph contains recitals of an offer to compromise such inclusion violates the rules of evidence and is not receivable as an admission of the validity or invalidity of the claim and it does not require a response from Defendants. The University denies the remaining allegations in this Paragraph.

20. Answering paragraph 20 of Plaintiff's Complaint, the University states that to the extent this paragraph contains recitals of an offer to compromise such inclusion violates the rules of evidence and is not receivable as an admission of the validity or invalidity of the claim and it does not require a response from Defendants. The University denies the remaining allegations in this Paragraph.

21. Answering paragraph 21 of Plaintiff's Complaint, the University admits that Plaintiff selected Dr. Matthew D. Gonzalez as a new Chairperson for his Dissertation Committee in December 2011.

///

///

22. Answering paragraph 22 of Plaintiff's Complaint, the University admits that Plaintiff's dissertation was not approved. The University denies the remaining allegations in this Paragraph.

23. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

24. Answering paragraph 24 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

25. Answering paragraph 25 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

26. Answering paragraph 26 of Plaintiff's Complaint, the University states that to the extent this paragraph contains recitations of what is stated in a "formal letter" and Plaintiff's interpretation of those documents, it does not require a response from the University as the document speaks for itself. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

27. The University admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Answering paragraph 28 of Plaintiff's Complaint, the University admits that Plaintiff spoke with Stephanie Neuhring in the Office of Dispute Management and made requests related to his coursework with Dr. Hilliker-VanStrander and that Ms. Neuhring advised him to submit his request in writing so that it could be reviewed further. The University denies the remaining allegations in this Paragraph.

29. Answering paragraph 29 of Plaintiff's Complaint, the University admits that Plaintiff "submitted his Doctoral Dissertation" as part of the approval process. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

30. Answering paragraph 30 of Plaintiff's Complaint, the University states that to the extent this paragraph contains recitations of what is stated in an e-mail exchange and Plaintiff's interpretation of that e-mail exchange, it does not require a response from the University as the document speaks for itself. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

31. Answering paragraph 31 of Plaintiff's Complaint, the University states that to the extent this paragraph contains recitations of what is stated in correspondence and Plaintiff's interpretation of that correspondence, it does not require a response from the University as the document speaks for itself. The University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

32. Answering paragraph 32 of Plaintiff's Complaint, to the extent this paragraph contains recitals of an offer to compromise the University states such inclusion violates the rules of evidence and is not receivable as an admission of the validity or invalidity of the claim and it does not require a response from Defendants.

33. Answering paragraph 33 of Plaintiff's Complaint, the University states that to the extent this paragraph contains recitations of what is stated in correspondence and Plaintiff's interpretation of that correspondence, it does not require a response from the University as the document speaks for itself.

34. Answering paragraph 34 of Plaintiff's Complaint, the University admits the Plaintiff's dissertation was not approved on January 19, 2013. The University denies the remaining allegations in this Paragraph.

35. The University denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. The University denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

///

37. The University denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. The University denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. The University denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. The University denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Answering paragraph 41 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

42. The University denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Answering paragraph 43 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

44. Answering paragraph 44 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

45. Answering paragraphs 45 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

46. The University denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. The University denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. The University denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Answering paragraphs 49 of Plaintiff's Complaint, the University is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the same.

50. The University denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

### A. BREACH OF CONTRACT

51. The University denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

### B. BREACH OF IMPLIED-IN-FACT CONTRACT

52. The University denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

### C. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53. The University denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

### D. PROMISSORY ESTOPPEL

54. The University denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

### E. INTENTIONAL INFLICTION OF EMOTIONAL UPSET

55. The University denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

### F. FRAUD

56. The University denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

### REQUEST FOR JURY TRAIL

The unnumbered paragraph under the heading "Request For Jury Trial" does not does not require a response from the University.

/ / /

/ / /

# RELIEF

Answering paragraphs 1, 2, and 3 of the Relief section of Plaintiff's Complaint, the University denies that it has caused or contributed to any of Plaintiff's claim or that Plaintiff is entitled to any damages from the University.

Apollo Group denies all other allegations not specifically admitted to herein.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's "Claims for Relief" fail to state a claim against Apollo Group upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The University is informed and believes and thereon alleges that Plaintiff's claims for damages are barred as a result of the failure to satisfy conditions precedent to bring the claims at issue.

## THIRD AFFIRMATIVE DEFENSE

The conduct Plaintiff alleges was the intentional conduct of a third party, not the conduct of Apollo Group, its supervisors, or any employee acting within the course and scope of their employment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to use reasonable means to avoid or mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the University and otherwise failed to avoid harm.

## SIXTH AFFIRMATIVE DEFENSE

Some of Plaintiff's Claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct, and/or the conduct of others for whom the University is not responsible, caused or contributed to Plaintiff's damages, if any.

///

### EIGHTH AFFIRMATIVE DEFENSE

The damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations or entities other than the University, and the liability of the University, if any, is limited in direct proportion to the percentage of fault actually attributed to the University.

### NINTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' "claims for relief" are barred because of plaintiffs' failure to plead them with particularity as required.

### TENTH AFFIRMATIVE DEFENSE

All of the actions by the University were taken in good faith and the exercise of business judgment in the operation of its business and not for any other purpose.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust requisite administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not follow internal complaint procedures.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has thus far failed to adequately perform and meet the reasonable academic standards and qualifications required by the University.

### FOURTEENTH AFFIRMATIVE DEFENSE

All educational decisions regarding or affecting Plaintiff were based upon legitimate, educational, academic, and otherwise reasonable business based on the University's academic standards and educational reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Damages for Plaintiff's claims, if any, are limited by the terms of the Enrollment Agreement that Plaintiff signed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

There exists no proximate causation between any alleged act or alleged breach of duty by the University and Plaintiff's claimed injuries, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendant Apollo Group prays as follows:

1. That Plaintiff take nothing by reason of his Complaint on file herein;
2. The University be dismissed with costs and attorneys' fees incurred herein; and
3. For such other and further relief as it may be adjudged entitled.

Dated: May 16th, 2013          SNELL & WILMER L.L.P.

By: /s/ Paul Swen Prior
Paul Swen Prior
Nevada Bar No. 9324
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Attorney for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **ANSWER** by the method indicated below:

| | | | |
|---|---|---|---|
| _____ | CM/ECF | _____ | E-Mail |
| XXXXX | U.S. Mail | _____ | Federal Express |
| _____ | Facsimile Transmission | _____ | Hand Delivery |
| _____ | Electronic Service | | |

and addressed to the following:

Jaime Reborn
4759 Arroyo Seco Drive
Las Vegas, NV 89119
Telephone: (702) 773-2642
Plaintiff Pro Se

DATED this 16th day of May, 2013.

_Wendy S. Rudnick_
An Employee of Snell & Wilmer L.L.P.

17128346

-11-